IN THE UNITED STATES DISTRICT COURT FOR THE
EASTER DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NEXT INSURANCE US COMPANY §<br>   *Plaintiff,* §<br>§<br>VS. §<br>§<br>AARON SALAZAR and §<br>BRANDON ZACHARY HOWARD §<br>   *Defendants*. § | CIVIL ACTION NO. 6:24-cv-00214 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Next Insurance US Company, Plaintiff in the above-styled action, and files this its Original Complaint for Declaratory Judgment and would respectfully show this Honorable Court as follows:

### I.   INTRODUCTION

1. Plaintiff, Next Insurance US Company ("Next" or "Plaintiff"), is a foreign insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Palo Alto, California.

2. Defendant Aaron Salazar ("Salazar") is a natural person who is a citizen of the State of Texas with his last known address at 1111 Palestine St., Jacksonville, Texas 75766. Defendant Salazar may be served with citation and process by serving him at 1111 Palestine St., Jacksonville, Cherokee County, Texas 75766, or wherever he may be found.

3. Defendant Brandon Zachary Howard ("Howard") is a natural person who is a citizen of the State of Texas with his last known address at 819 Keble Ln, Whitehouse, Smith County, Texas 75791. Defendant Howard may be served with citation and process by serving him at 819 Keble Ln, Whitehouse, Texas 75791, or wherever he may be found.

4. This Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. § 1332. Plaintiff, by nature of its citizenship and principal place of business, is a citizen of the States of Delaware and California. Defendants, by virtue of their residency are citizens of the State of Texas. The amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because the facts and events which give rise to this controversy occurred in Smith County, Texas and Defendant Howard is a resident of Smith County, Texas while Defendant Salazar is a residence to Cherokee County, Texas, both counties being in this court's division.

6. Next brings this action under 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code. Specifically, Next seeks a determination from the Court that (1) Next owes no duty of defense to its named insured Defendant Salazar as result of the underlying occurrence, loss, claim, concerning Defendant Howard, and (2) Next owes no duty to indemnify its named insured Defendant Salazar as a result of the underlying occurrence, loss, claim for damages brought by Defendant Howard.

7. Next has complied with the laws of the State of Texas pertaining to corporations engaged in insurance business therein and has paid all taxes and assessments and license fees, and has filed all reports required by the State of Texas.

## II.   FACTUAL BACKGROUND

**The Policy**

8. Next is an insurance company licensed to do business in Texas.

9. On or about October 7, 2021, Defendant Salazar (or a representative) applied for

2

an insurance policy to be issued by Next.[1] Exhibit "A" hereto is a true and correct copy of the application summary. Salazar stated that his business was "Landscaping and Lawn Care". *Id*. at 2. Salazar further stated that 100% of his revenues came from "landscaping" work and that his "subcontractors only do work similar to [Salazar's] own work and operations". *Id*. at 3. In submitting and signing the application Salazar agreed that "I verify the application summary and agree to be legally bound to these terms and conditions."

10. In reliance on Salazar's representations in the application for insurance, Next issued a commercial general liability policy to Salazar bearing policy number NXTFTJUFHF-00-Gl with effective dates of October 8, 2021 to October 8, 2022 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "B".

11. Consistent with Salazar's information provided in his application, the Policy contained various provision, conditions, exclusions, and limitations including the following,

**COMMON POLICY DECLARATIONS**
NXUS-GL-0003.1-0619

\* \* \*

Policy Period:  From: 10/08/2021             To: 10/08/2022
      at 12:01 a.m. standard time at the mailing address shown above

**DESCRIPTION OF BUSINESS:** Landscaping and Lawn Care

\* \* \*

**COMMERICAL GENERAL LIABILITY COVERAGE FORM**
CG 00010413

\*\*\*

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

---

[1] Next employs an on-line application process in which applicants provide relevant information for review. Next's underwriters rely on the information provided by the applicant in the issuance of a policy. This was the process by which Salazar was issued the Next Policy at issue.

> **1.   Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of ""bodily injury"" or ""property damage"" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or property damage" to which this insurance does not apply….

\*\*\*

Exhibit "B" at 17.

## LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION
NXUS-GL-2020.2-1219

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| Business Description: |
|---|
| Landscape Gardening |
| Contractors - Subcontracted Work |

I.   **SECTION I – COVERAGES, COVERAGE A BODILIY INJURY AND PROPERTY DAMAGE LIABILITY,**

   **1. Insuring Agreement, b.** is amended and the following added:

   **(4)**   The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

II.   **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY,**

   **1. Insuring Agreement, b.** is amended and the following added:

   This insurance applies to "personal and advertising injury" caused by an offense in the course of the business described in the Schedule.

   All other terms and conditions of the policy remain unchanged.

\*\*\*

Exhibit "B" at 56 (the Business Description Limitation")

**CONTRACTOR/SUB-CONTRACTOR INSURANCE REQUIREMENTS**
NXUS-GL-2074.2-1120

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Notwithstanding any other provision in this Coverage Part:

A. Coverage under this Coverage Part does not apply to an "occurrence" arising out of a sub-contractor's work unless such sub-contractor:
   1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and,
   2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provided by this policy; and,
   3. Provides you with a valid certificate of insurance listing you as an additional insured on their policy.

B. With respect to an "occurrence" arising out of a sub-contractor's work and such sub-contractor:
   1. Is operating pursuant to a written agreement between you and the contractor or sub-contractor; and
   2. Has commercial general liability insurance on which you are named as an additional insured with limits equal to or exceeding the limits provided by this policy,

any insurance provided by this Coverage Part shall be excess over any insurance provided to you through or by the sub-contractor.

All other terms and conditions of the policy remain unchanged.

\*\*\*

Exhibit B" at 63 (the "Subcontractor Insurance Endorsement").

**EXCLUSION – NON-COMPENSATORY DAMAGES**
NXUS-GL-2021.1-0218

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION I – _COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**LIABILITY, 2. Exclusions** and **COVERAGE B PERSONAL AND**

> **ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended and the following added: **PUNITIVE DAMAGES**
>
> This insurance does not apply to any claim for or awards of non-compensatory damages, including, but not limited to:
>
> 1. Punitive, exemplary or multiple damages;
>
> 2. Equitable or non-pecuniary relief; or
>
> 3. Fines, penalties, court imposed sanctions, return or restitution of legal fees, costs or other expenses associated with such awards.
>
> All other terms and conditions of the policy remain unchanged.

\*\*\*

Exhibit B" at 57 (the "Punitive Damages Exclusion").

**The subcontract**

12. By written subcontract dated May 23, 2022, Salazar entered into an agreement with ELS Construction, Inc., a general contractor, ("ELS") to "Provide all labor, materials, tools, equipment, services & supervision necessary to provide a whole & complete Demo, Earth/Site Work, Masonry and Concrete package per plans and specifications and geotechnical report for the Scooters Coffee Whitehouse, TX Project" (the "Scooters Coffee construction work"). Exhibit "C".

13. The scope of "Concrete" work in Salazar's Scooters Coffee construction work consisted of,

> All Paving, Sidewalks with ADA ramps, Dumpster Pad, Installation of headers and expansion joints, doweling, menu board and speaker base, all reinforcement steel, corner bars, movement of Concrete(i.e. pumps, carts, buggies, etc.), saw-cutting, concrete foundation, layout and all form work, "green cut" sawcutting of all control joints upon completion of ready-mix installation, & all misc. accessories; base, back fill, final grading, vapor barriers, concrete slab, concrete conveyor trench, parking lot pavement, stem wall, pads for meters, curbs, monument sign, height clearance bar base, footings and slab, expansion joint material, non-shrink grout, & concrete psi per plans. Includes installation of hold downs, anchor bolts and bollards.

Exhibit "C" at 1.

14. To the extent there was any "landscaping and lawn care", such was not expressly identified in the Scooters Coffee construction work.

**The underlying incident and lawsuit**

15. On or about July 14, 2022, Defendant Howard alleges he was riding a scooter along a sidewalk parallel to East Main Street in Whitehouse, Texas. Plaintiff's First Amended Petition attached hereto as Exhibit "D" at 2. Defendant Howard contends that the property was under construction for a new restaurant. *Id*. Defendant Howard contend he fell "into an unmarked, uncovered, and unprotected hole in the ground when he reached 200 Main Street. *Id*. Defendant Howard alleges that when Defendant Salazar and others left work earlier that day, the sidewalk had been torn out but not replaced and that what was in its place was a hole in the ground plus exposed rebar at the bottom. *Id*.

16. According to the Amended Petition, when Mr. Howard fell into that unmarked, uncovered, and unprotected hole, the rebar severely damaged his spleen, liver, and other organs. *Id*. at 3. Defendant Howard alleges that the fall "caused severe internal bleeding which required surgery, an extended stay in the intensive care unit, and multiple blood transfusions." *Id*.  Howard claims to have "suffered severe orthopedic injuries and is only walking with assistance". *Id*.

17. Howard filed suit in Texas State Court on August 16, 2022 in the matter styled *Brandon Zachary Howard v. ELS Construction, Inc., Aaron Salazar, and Hicks Hospitality Holdings, LLC*; In the 190th Judicial District Court of Harris County, Texas. In addition to Salazar, Howard named ELS and Hicks Hospitality Holdings, LLC (the owner of the building under construction) as party defendants (the "Howard Lawsuit").

18. In the Howard Lawsuit, plaintiff therein asserts causes of action against all of the named defendants for negligence and gross negligence. In the Howard Lawsuit, plaintiff therein

seeks actual damages and exemplary damages from all defendants, including Salazar.

19. In the Howard Lawsuit, all defendants were alleged to have committed the same acts or omissions, specifically "Defendants exercised possession and control over the jobsite where Mr. Howard was injured" and "Defendants owed Howard a duty of ordinary care in maintaining a safe environment, including a responsibility to inspect and make safe any dangerous condition or give adequate warning of any hazardous conditions on the jobsite." Exhibit "D" at 3. That is, in the First Amended Petition, plaintiff did not parse his allegations to distinguish between alleged acts/omissions of ELS, compared to alleged acts/omission of Salazar, compared to alleged acts/omission of Hicken.

20. By letter dated September 8, 2022, Next agreed to provide a defense to Salazar in the Howard Lawsuit, subject to a reservation of rights (the "ROR Letter"). Exhibit "E". In the ROR Letter, Next cited the Business Description Limitation, the Punitive Damages Exclusion and the Subcontractor Insurance Endorsement among others. Subject to the ROR Letter, Next retained Next retained attorney Nick Lanza of The Lanza Law Firm to defend Salazar. *Id*. at 1. Lanza continues to represent Salazar in the Howard Lawsuit to this day, subject to the ROR Letter.

### III.    REQUEST FOR DECLARATORY RELIEF

**A.    No Duty to Defendant or indemnify Salazar under the Business Description Limitation**

21. Next incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Next petitions the Court, pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code, for a declaration that Next does not owe Salazar a duty to defend or indemnify Salazar in the Howard Lawsuit due to application of the Business Description Limitation of the Policy.

23. Under the terms and conditions of the Policy, no coverage is provided for defense

and indemnity for an occurrence unless the bodily injury arises from the business described in the Business Description Limitation. The bodily injury at issue to Howard is alleged to have arisen from "construction for a new restaurant" when "the sidewalk had been torn out but not replaced". Exhibit "D" at 2. Because the bodily injury did not arise from any landscape gardening such is not covered by the plain terms of the Policy.

24. Further, to the extent extrinsic evidence is considered under Texas law[2], according to the subcontract agreement, Salazar's scope of work did not include landscape gardening, landscaping and lawncare. Instead, Salazar's scope was extensive concrete work, which is the work being performed out of which Howard claims he was injured. *See* Exhibit "C" at 1-2.

25. Additionally, according to the testimony of Mark Garcia, project manager for ELS, Salazar was ELS's subcontractor for the site concrete and masonry package. Exhibit "F" at 26:9-12.

26. Accordingly, Next seeks a declaration that it owes neither defense nor indemnity to Salazar for the Howard Lawsuit as the alleged bodily injury at issue was not caused by nor resulted from the business described in the Schedule – Landscape Gardening.

**B.     No Duty to defend or indemnify Salazar under the Subcontractor Insurance Endorsement**

25. Next incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Next petitions the Court, pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code, for a

---

[2] Next affirmatively pleads that in the event of a gap in plaintiff's pleadings in the Howard Lawsuit concerning the determination of Next's duty to defend Salazar under the "eight-corner's rule", the Court consider such extrinsic evidence necessary to determine coverage as permitted by the Texas Supreme Court in *Monroe Guar. Ins. Co. v. BITCO Gen Ins. Corp.*, 640 S.W.3d 195, 204 (Tex. 2022).

declaration that Next does not owe Salazar a duty to defend or indemnify Salazar in the Howard Lawsuit pursuant to the Subcontractor Insurance Endorsement.

27. In the Howard Lawsuit, Salazar testified that on the day of the occurrence at issue, he had personally left the construction site and was not present when the safety measures (caution tape and cones) were put up after the day's work was completed. See Exhibit "G" at 94:18-96:3. Instead, Salazar's "guys" as well as other construction workers would have been on the construction jobsite at the end of the day at issue. [3]

28. At no time has Salazar provided written evidence of insurance carried by his "guys" or any other person working as a subcontractor under Salazar. Further, were such persons insured, that insurance is primary as to Next for the incident at issue.

29. Additionally, to the extent that Salazar's subcontractors were not performing landscaping or lawn care work, coverage for such would be excluded from under the Business Description Limitation.

30. Accordingly, Next seeks a declaration that it owes neither a defense nor indemnity to Salazar for the Howard Lawsuit to the extent Salazar has been sued in the Howard Lawsuit for alleged acts or omissions of Salazar's subcontractors.

C. **No Duty to indemnify Salazar for punitive damages**

31. Next incorporates by reference all preceding paragraphs as if fully set forth herein.

---

[3] By raising these Policy limitations/exclusions, Next does not intend to concede, infer, or imply that Salazar or any subcontractors were responsible to maintain a safe worksite, inspect and make safe any dangerous condition, or give adequate warning of any hazardous condition at the construction site, including the sidewalk at issue, as alleged by plaintiff in the Howard Lawsuit. Nor does Next intend to concede, infer, or imply that any subcontractors were acting in the course and scope of any employment with Salazar or that Salazar or any subcontractors knew or should have known of any dangers at the construction site or failed to take any remedial action as alleged by plaintiff in the Howard Lawsuit.

32. Next petitions the Court, pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code, for a declaration that Next does not owe Salazar a duty to indemnify Salazar in the Howard Lawsuit pursuant to the Punitive Damages Exclusion.

33. According to the Policy, punitive damages are specifically and expressly excluded by the Punitive Damages Exclusion. In the Howard Lawsuit, plaintiff seeks punitive damages from all defendants, including Salazar for alleged "gross negligence". Exhibit "D" at 4-5.

34. Accordingly, Next seeks a declaration that it does not owe indemnity to Salazar for any punitive damages awarded by a jury or included in any judgment against Salazar arising from the Howard Lawsuit.

35. Next reserves the right to seek relief on any other term, condition, provision or exclusion under the Policy.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Next Insurance US Company, respectfully prays that the Court,

    a.    Render the declarations requested herein; and

    b.    Grant it any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP


By: /s/ David P. Andis
 David P. Andis
 State Bar No. 00793265
 Attorney in Charge
 J. Chad Gauntt
 State Bar No. 07765990
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:281-367-6555
Facsimile:281-367-3705
Email: david.andis@gkblaw.com
 chad.gauntt@gkbklaw.com
**COUNSEL FOR PLAINTIFF,**
**NEXT INSURANCE US COMPANY**